### THE STATE *vs.* BEECHER.

The superior court having appellate jurisdiction over certain complaints under the act for the suppression of intemperance, by force of a provision of the act that any person may appeal from a final judgment rendered against him on any such complaint by a justice of the peace, has no jurisdiction of a case brought to that court by an appeal from a judgment of *respondeas ouster*.

And a party taking such an appeal, and giving bond to answer to the complaint before the superior court and abide its judgment thereon, is not estopped thereby from asserting such want of jurisdiction.

THIS was a complaint under the 8th section of the act for the suppression of intemperance, brought by three electors of the town of Seymour, to a justice of the peace of said town.

The defendant appeared and pleaded sundry matters in abatement, on which an issue was closed and judgment rendered that the defendant answer‑ over to the complaint. From this judgment the defendant appealed to the superior court then next to be holden in the county of New Haven, giving bond with surety that he would appear before said superior court, answer to the complaint, and abide the judgment that might be rendered thereon by said court.

In the superior court the defendant moved that the cause be erased from the docket for want of jurisdiction in the court, apparent on the record, and the questions arising on the motion were reserved for the advice of this court.

*H. B. Munson,* in support of the motion.

The jurisdiction of the superior court in criminal cases is derived solely from the express provisions of the statute.

In the present case its jurisdiction is wholly appellate, and of course it has no jurisdiction of a case not legally appealed. By the statute for the suppression of intemperance, on which this complaint is founded, the judgment appealed from in a case like this must be a final judgment. See sec. 10, Ed. 1854, p. 822. The language of the statute is, " any person may appeal from a final judgment rendered against him by a justice of the peace for a first and second offense under secs. 8th and 9th, &c." Here the judgment appealed from was one of *respondeas ouster*, and not final. The want of jurisdiction being apparent on the face of the record, a motion to erase from the docket is the proper remedy, and the motion should be granted. It being a matter of jurisdiction, which can not be conferred even by express consent, the defendant can not by taking the appeal be held to have waived the objection.

*Foster* (State Attorney) and *Wooster,* contra.

The defendant's motion ought not to prevail.

1. The court will not order a case stricken from the docket unless it clearly has no jurisdiction ; and then only where the record discloses the want of jurisdiction. In this case there is a proper complaint, charging in proper form an offense cognizable by this court, and the case is before the only appellate tribunal constituted by law to hear it; and the appeal vacating all prior judgments, it is of no practical importance what the prior proceedings were. The doings of the court below are not in issue in the appellate court, on an appeal. The case is in the right court, with the same rights to either party that could be had by appeal at any stage of the case. The case is therefore properly before the superior court. *State* v. *Wickwire,* 19 Conn., 477, 484. *State* v. *Smith,* ib., 493.

2. The appeal was allowed by the justice at this stage of the case at the request of the defendant, and he can not now take advantage of an error, if any there be, procured by him-

self. The case is not like those where the court has no jurisdiction whatever. Here the court has an appellate jurisdiction, and the defendant himself has brought the case to the court for it to assume that jurisdiction. The defendant has also come into court himself, and now why shall not the court assume jurisdiction and try the case? If the appeal was void and no case in court, then the defendant should not have appeared.

3. The appeal was properly taken. The term "final judgment" in the statute may properly be held to mean a judgment upon an issue that may be final. Had the judgment on the plea in abatement been in favor of the defendant it would have been final. The statute must have intended to allow such an appeal, since if a defendant wishes to pursue his cause of abatement, he can do so only by an appeal. Had the defendant in the case pleaded to the action, he would have complied with the judgment of the justice, and waived his cause of abatement, and would therefore stand in court just where he would, had he pleaded to the action in the first instance. In this case he followed the precise course marked out by this court in the case of the *State* v. *Wickwire*, 19 Conn., 477.

STORRS, C. J. The superior court has no jurisdiction in this case which is not conferred by statute. On referring to the 10th section of the act "for the suppression of intemperance," (Stat. Ed. 1854, p. 822,) which gives jurisdiction to that court in cases arising on the eighth section of that act, on which the present complaint is founded, it appears that such jurisdiction is only appellate in its character, and that an appeal to that court by the accused is allowed only where "a final judgment is rendered against him by a justice of the peace." As the jurisdiction of that court does not attach until an appeal could be taken to it from the judgment of the justice, and that could be done only after a final judgment had been rendered by him, it results that the appeal having been taken, in this case, from a judgment of *respondeas ouster*, on a plea in abatement, which plainly is an interlocu-

tory, and not a final judgment, and one which, therefore, the superior court, as an appellate tribunal, had no power to review, it was unauthorized and therefore void, and conferred no jurisdiction on that court. And as such want of jurisdiction appears here on the face of the record, the case ought to be struck from the docket of that court. However ungracious it may be for the defendant to question the validity of the appeal in this case, which was taken by himself, he is not, as claimed by the plaintiff, precluded from doing so, as it is an objection to the jurisdiction of the court. It is a familiar principle that jurisdiction can neither be conferred, nor a want of it waived, by either or both of the parties. The superior court is advised accordingly.

In this opinion the other judges, HINMAN and ELLSWORTH, concurred.

Case to be stricken from the docket.